## MORENO *v.* ABRIL ET AL.

APPEAL from the District Court of Aguadilla.

No. 6.—Decided April 27, 1906.

SERVICE OF SUMMONS—APPEARANCE OF PARTY.—The appearance of a party in court, for the sole object of attacking the validity of a summons served upon him, does not cure the defects which such summons may contain.

ID.—MANNER OF SERVING SUMMONS.—Service of summons upon a party whose residence is known must be made by leaving a copy at his residence, between the hours of 8 a. m. and 6 p. m., by delivery thereof to some person of suitable age and discretion, it being of no importance whatever that the person to be sued resides in the same town or a different town from the one in which the person bound to serve the summons resides.

ID.—Summons of a party whose residence is unknown must be served by forwarding the same by registered mail addressed to the interested party.

ID.—Where summons is served by mail and a special delivery stamp is attached to the envelope and not by registered mail, such service will be null and void.

JUDICIAL COGNIZANCE.—The court may take judicial notice of the difference between a letter forwarded by registered mail and one forwarded by a special delivery stamp.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. Vazquez* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a proceeding in the District Court of Aguadilla prosecuted by Don Victor Martínez against María Moreno for the cancellation of an attachment, and in a separate branch for the collection of costs. The sale at public auction of a landed estate attached as the property of Martínez was resorted to in order to realize the amount of $152.35, and of

$300 for costs of judicial compulsion. For that reason the attorney, Don Fernando Vázquez, representing Doña María Moreno, presented a motion to the said court, requesting that Don Julio Osvaldo Abril be notified that the estate registered and attached and which was sold to the latter, and registered in his name in the registry of property, has been advertised for sale at public auction, so that if he wished to do so he might raise the attachment in accordance with article 71 of the Mortgage Law, by paying the debts which caused the levy of the attachment.

Afterwards the said Don Fernando Vázquez presented another motion, requesting the cancellation of the register of the dominion title made in favor of Don Julio Osvaldo in the registry of property, because notwithstanding he was duly notified that the estate would be sold at public auction, he had failed to pay, within the term fixed in article 71 of the Mortgage Law, the amount of the attachment which had been levied thereon, and which amounted to the sum of $452.35.

The said Abril, in due time, appeared by his counsel and asked the court to overrule the said motion, inasmuch as he had not been legally notified of the announcement of the auction sale, in accordance with section 320 of the Code of Civil Procedure, and the court on the 5th of January, 1906, rendered the following decision:

"Determining the motion made on yesterday the court renders the following judgment:

"After having read the motion presented by María Moreno in the above-mentioned cause, requesting the cancellation of a record of dominion title made in favor of Mr. Julio Osvaldo Abril, who has not complied, within the term prescribed by law, with the requirement of depositing the amounts which were the object of the cautionary notice spread upon the register prior thereto:

"After having read the accompanying documents; after having heard the arguments of the counsel for María Moreno, and in opposition to Don Julio O. Abril; after having considered that counsel for María Moreno presented his motion without any opposition on

the part of Don Julio O. Abril in any way, and only after the termination of the arguments, he opposed it, stating that the notice served on his client was illegal; after weighing in the mind of the judge the fact that whatever the informalities of the notification were they were cured by the appearance of Don Julio Osvaldo Abril by his counsel, who only alleged that the service was illegal, when in reality it appears that he was notified:

"The court is of the opinion that the law and the facts are in favor of the plaintiff, María Moreno, and in consequence thereof, that Don Julio O. Abril not having deposited the amounts for which the attached estate was sold at auction, the provisions of article 71 of the Mortgage Law should be complied with, it being proper to cancel in the register of property the record that the said Don Julio O. Abril has or may have there, as well as any that might have been placed there, after the said entry; for which purpose the proper order will issue to the registrar of property of this district in the manner provided for the inscription of public documents, and the counsel will draw up the order."

From this order Don Julio Osvaldo Abril took an appeal to this court, and filed the transcript herein on the 8th of February last. Counsel for each party filed typewritten briefs herein, and appeared in open court and made oral arguments.

The court below appears to have rested its order upon the fact that whatever may have been the informalities of the notification, they were cured by the appearance of Mr. Abril, by his attorney, in the court, and alleging that the notification was illegal when in fact he was notified.

This course of reasoning is truly vicious, because, if it should be sustained, a party who has been notified in an illegal manner could never obtain the decision of a court on the notification. He is caught on one horn or the other of the dilemma, because if he appears in court to contest the notification, he thereby waives the informalities, and if he does not appear, the notification is held good; so that whether he appears or not the notification, however illegal it may be, is held to be sufficient. To state such a proposition baldly is sufficient to refute it.

The appellant contends that the notification made upon him violates section 320 of the Code of Civil Procedure, which reads as follows:

"The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"1. If upon an attorney, it may be made during his absence from his office by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them, between the hours of 8 in the morning and 4 in the afternoon in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence, with some person of suitable age and discretion; and if his residence be not known, by putting the same enclosed in an envelope, into the post-office, directed to such party by registered mail."

Mr. Abril, not being an attorney, but a party within the meaning of this statute, service could be made upon him, either personally or as prescribed in paragraph 2 of this section; paragraph 1 having no application to him.

The notice in this case was made through the mail, by directing to the appellant an envelope containing the notice and bearing a special-delivery stamp. It is admitted that Mr. Abril was a well-known citizen of Aguadilla, and that his residence was well known and could have been easily found. Under the second paragraph of the section quoted it is clearly stated that in making a service of notice upon a party to an action it may be done by leaving a paper at his residence between the hours of 8 in the morning and 6 in the evening, with some person of suitable age and discretion. This course must be followed when the residence of the person intended to be served with notice is known, as was the case of Abril. And if his residence should not be known, then the notice should be enclosed in an envelope and put into the post-office, directed to such party by registered mail. There is a well-known distinction, of which the court can take judicial knowledge, between a registered letter and one posted for special

delivery. For a registered letter a receipt is given by the postmaster, and certain precautions prescribed by law are duly followed to see that it is delivered to the proper person, and his receipt is taken for the same, which is returned to the sender. This costs an 8-cent stamp in addition to the current postage. In the case of a special-delivery letter a special-delivery stamp of the denomination of 10 cents is affixed, and the law requires the immediate delivery of such letters by a special messenger, who is required, upon the delivery of such letter, to procure a receipt from the party addressed, or someone authorized to receive it, in a book furnished for the purpose. (See sec. 5 of the Act of Congress of March 3, 1885, vol. 1, Supplement to the Revised Statutes of the United States, p. 484.) So it is easily seen that in either case, whether the residence of the appellant was known or unknown to the respondent or his counsel, in the proceeding under consideration, the law has not been followed or complied with.

The respondent contends that as Mr. Vázquez, his attorney, who was the purchaser at the auction sale and is the real party interested, lived in Mayagüez, and Mr. Abril, the appellant, lived in Aguadilla, that this circumstance rendered it proper to serve him by mail.

The law itself draws no distinction between cases in which the parties live in different towns, and those in which they live in the same town. It matters not where they reside, the only question is whether or not the residence of the party sought to be notified is shown, and whether or not the registered mail has been used.

The other points made by counsel for appellant in his brief in reference to the construction to be placed upon articles 71 and 44 of the Mortgage Law, and the contradiction alleged between them, and further that the application of said article 71, as proposed, would result in deprivation of the appellant of property without due process of law, need not be considered by this court at present, as they are not necessary to the decision of the case as presented.

It seems to me clear that the objection of the appellant based on the insufficiency of the notice should have been sustained, and that the order entered by the District Court of Aguadilla should be reversed, and the case remanded for proper proceedings, in accordance with the prinnciples herein indicated.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.